MANUFACTURERS & DEALERS DISCOUNT CORPORATION
v. AMOS T. MOSHIER.[1]

May 3, 1929.

No. 27,333.

[1]Reported in 225 N. W. 283.

*Harry S. Locke,* for appellant.
*Otis H. Godfrey,* for respondent.

HOLT, J.

The appeal is from an order denying defendant's motion for a new trial in an action upon a $250 promissory note executed by defendant, payable in 30 days from its date to the order of Twin City Woodworking Company, Inc. alleged to have been sold and indorsed to plaintiff for value and without notice two days after its date. Defendant obtained leave to file an amended answer after a reply had been served. In the amended answer a "counterclaim" was alleged against the Twin City Woodworking Company, Inc. on its 30-day promissory note for $200, delivered to defendant for value a year before the note set forth in the complaint was executed, and still unpaid, and that plaintiff knew thereof when the note in suit was acquired by it.

Defendant moved for judgment for want of a reply. When the court ruled that the reply served to the answer stood as the reply to the amended answer also, plaintiff, to avoid any ground for error, asked leave to have the reply served considered as a reply to the amended answer. Leave was granted. Obviously the court acted well within judicial discretion, and there is no merit in the assignment of error based on such action.

Defendant admitted the execution of the note in suit and that only $26.46 had been paid thereon. Plaintiff proved that it acquired the same before maturity. There was no evidence to the contrary. Thereupon the court ruled that defendant, before he would be permitted to prove his "counterclaim," must produce testimony tending to show that plaintiff was not a holder in due course without notice. This defendant wholly failed to do. Nor did he offer the $200 note in evidence or obtain any reviewable ruling on his alleged set-off or defense. In the motion for a new trial no ruling on the admission or exclusion of evidence was questioned, nor in the assign-

ment of errors here is any such ruling singled out or discussed, and we have found none upon which to base a reversal.

There is a hint in defendant's testimony that he and the Twin City Woodworking Company, Inc. exchanged accommodation notes. Of course if defendant holds a note which the corporation executed for his accommodation, it cannot serve him as a set-off here. A flaw in plaintiff's proof of being a purchaser without notice is suggested from the fact that the note in suit was indorsed: "Twin City Woodworking Co., Inc. by F. E. Church, Attorney in fact." On the trial one F. E. Church was called by plaintiff and testified that he was president and treasurer of plaintiff and purchased the note two days after its date. When turned over for cross-examination his authority to indorse for the payee was not inquired into, nor the details of the purchase, nor the witness' knowledge of the transaction whereby defendant acquired the note pleaded as a set-off in the amended answer. We fail to see how the court could find either a defense or set-off.

The order is affirmed.

